Supreme Court—Galbraith v. Board of Education, &c., Woodbridge.

---

DENNIS J. GALBRAITH, PLAINTIFF, v. THE BOARD OF EDUCATION OF THE TOWNSHIP OF WOODBRIDGE, IN THE COUNTY OF MIDDLESEX, A MUNICIPAL CORPORATION, AND OTHERS, IN THE ALTERNATIVE, DEFENDANTS.

Submitted November 6, 1924—Decided February 10, 1925.

**Venue—Charge of—Defendant and Large Number of Witnesses Reside in Middlesex—Plaintiff Resides at Plainfield—Case Should be Tried in Middlesex.**

On application for change of venue.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the plaintiff, *Codington & Blatz.*

For the defendant, *J. H. Thayer Martin.*

PER CURIAM.

On the 26th of September, 1924, Mr. Justice Kalisch granted to the defendant in this case a rule to show cause

why an order should not be made changing the venue of the above cause to the county of Middlesex.

From affidavits it would appear that the suit is brought to recover for alleged extra work in the construction of a school building at Fords, in the township of Woodbridge, in the county of Middlesex, and also to recover damages alleged to have been sustained by delay chargeable to the defendant. To this claim the defendant answered setting up a denial, and also a counter-claim for damages and a claim of a subcontractor of the plaintiff. The defendant and its witnesses reside and have their offices in Middlesex county. It further appears that it will be necessary to call as witnesses a large number of persons within the jurisdiction of Middlesex county as well as to produce the minutes of the board and other records of the school district. It further appears that the plaintiff resides in the city of Plainfield. The plaintiff's affidavit sets up that the means of transportation to Elizabeth and to New Brunswick are not greatly different, but does not deny the facts above recited.

We think, under all the circumstances, the case is one that should be tried in the county of Middlesex. *Keeley* v. *Belmar,* 97 *N. J. L.* 98.

The rule is made absolute.